UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AMAN ENTERTAINMENT, d/b/a
DREAMAKERS,

    Plaintiff,

   -*against*-

ECHOSTAR SATELLITE d/b/a
DISH NETWORK,

    Defendant.

Civ. Action No.: 09-cv-0292

**DEFENDANT'S ANSWER
AND COUNTERCLAIM**

## ANSWER

Defendant Echostar Satellite d/b/a Dish Network ("Defendant"), through its undersigned attorneys DLA Piper LLP (US), hereby responds to the Complaint of Aman Entertainment d/b/a Dreamakers ("Plaintiff"), filed in the Supreme Court of the State of New York, County of Nassau, and removed to this Court on January 23, 2009, as follows:

1.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and the same are therefore denied.

2.    Defendant admits that it is a corporation organized under the laws of the State of Colorado which is authorized to do business in the State of New York, and denies all other allegations in paragraph 2 of the Complaint.

3.    In response to paragraph 3 of the Complaint, Defendant admits that it is a corporation organized under the laws of the State of Colorado which is authorized to do business in the State of New York. The remaining allegations contained in paragraph 3 of the Complaint

constitute legal conclusions to which no response is required, and the same are therefore denied. To the extent a response is required, the remaining allegations of paragraph 3 of the Complaint are denied.

4. Admitted in part and denied in part. It is admitted that Plaintiff provided marketing services to Defendant with regard to South Asian services. The remaining allegations of paragraph 4 of the Complaint are denied.

5. Admitted in part and denied in part. It is admitted that Plaintiff provided marketing services to Defendant with regard to South Asian services. The remaining allegations of paragraph 5 of the Complaint are denied.

6. Defendant denies the allegations contained in paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES

As for additional defenses to the Complaint, and without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, Defendant alleges as follows:

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted.

Second Affirmative Defense

Defendant asserts that the sole proximate cause of the injuries and damages alleged in Plaintiff's Complaint was Plaintiff's own conduct and, therefore, Plaintiff is entitled to take nothing by this lawsuit. As a result, if Defendant is found liable to Plaintiff, any monetary award should be reduced in an amount commensurate with Plaintiff's comparative fault.

Third Affirmative Defense

Plaintiff's injury or loss incurred as a result of its failure to mitigate its damages.

Fourth Affirmative Defense

Defendant asserts that Plaintiff's conduct in this case constitutes contributory negligence. Defendant denies any liability but asserts that its fault, if any, for injuries and damages alleged, should be reduced pursuant to the comparative negligence, fault, responsibility, or causation of others, including, but not limited to, Plaintiff and other parties beyond the control of Defendant.

Fifth Affirmative Defense

With respect to each and every purported cause of action, Defendant's acts were at all times conducted in good faith and without evil motive or intent, malice, willfulness, or reckless indifference.

Sixth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, waiver or unclean hands.

Seventh Affirmative Defense

Plaintiff's claims are barred in whole or in part by the statute of limitations.

Eighth Affirmative Defense

Plaintiff's claims are barred by the Statute of Frauds.

Ninth Affirmative Defense

Plaintiff's claims are barred by the doctrine of laches.

Tenth Affirmative Defense

Defendant is entitled to set-off its damages against amounts due, if any, to Plaintiff.

Eleventh Affirmative Defense

Defendant hereby claims all statutory defenses set forth in the federal laws and any state law from a jurisdiction relevant to this dispute.

Twelfth Affirmative Defense

Plaintiff misrepresented the actual cost of services provided and obtained any agreement or promise by Defendant to perform under false pretenses and Plaintiff is therefore precluded from recovery.

Thirteenth Affirmative Defense

Plaintiff used electronic and interstate communications for improper purposes where Plaintiff engaged in deceptive business practices to obtain any agreement or promise by Defendant and Plaintiff is therefore precluded from recovery.

Fourteenth Affirmative Defense

Plaintiff was not licensed under the laws of New Jersey (where Plaintiff resides) or otherwise licensed within the State of Colorado to conduct business for the services sold and marketed to Defendant and is therefore precluded from recovery.

Defendant reserves the right to raise any and all other defenses pending the outcome of further factual investigation and discovery in this action.

## COUNTERCLAIMS

## THE PARTIES

1. Upon information and belief, Plaintiff is a corporation organized under the laws of the State of New York with a principal place of business in the County of Nassau, State of New York.

2. Defendant is a corporation organized under the laws of the State of Colorado, with its principal place of business in Englewood, Colorado.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1332(a)(1) as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

4. Venue is proper pursuant to 28 U.S.C. § 1391(a)(1) and (c).

## COUNTERCLAIM I

### (Disgorgement/Unjust Enrichment)

5. Commencing in April 2007, Plaintiff agreed to provide certain marketing services for Defendant.

6. Plaintiff was obligated to provide these marketing services in good faith and pursuant to proper business practices.

7. Upon information and belief, Plaintiff, instead, willfully and improperly secured payment from Defendant for marketing services which were never rendered or rendered at a cost to Plaintiff that was less than the amount Plaintiff charged Defendant.

8. Upon information and belief, Plaintiff's actions were intentional, malicious, and without permission or justification.

9. Upon information and belief, Plaintiff has been unjustly enriched by its improper conduct, and is legally obligated to reimburse Defendant for the payments.

10. Plaintiff engaged in activity that was deceptive and obtained payments under false pretenses, and is therefore legally obligated to disgorge any profits.

## COUNTERCLAIM II

**(Deceptive Trade Practices and Obtaining Contracts for Performance Under False Pretenses)**

11. The allegations contained in paragraphs 1 through 10 of this Counterclaim are hereby incorporated by reference as though fully set forth herein.

12. Upon information and belief, Plaintiff intentionally and knowingly made false representations and omissions of material fact concerning marketing services and gifts in an effort to initiate and maintain business relations with Defendant.

13. Upon information and belief, Plaintiff intended that Defendant would act on such false representations and omissions of material fact.

14. Defendant reasonably expected that Plaintiff would be truthful and fair in its dealings with Defendant and justifiably relied on Plaintiff's false representations concerning the marketing services and gifts.

15. Upon information and belief, Plaintiff unfairly and deceptively engaged in a course of business conduct and a pattern of activity designed to obtain the award of business contracts through the provision of improper favors and personal gifts that it knew or should have know were violations of ordinary business ethics.

16. Upon information and belief, Plaintiff encouraged personnel of the Defendant to award contracts to Plaintiff with offers of personal favors and personal travel that were excessive

and known or should have been known to give Plaintiff an unfair business advantage as against any other competitor for such work from Defendant.

17. Upon information and belief, Plaintiff acted with malice and showed reckless indifference to Defendant's right to full disclosure and truth in their business relationship.

18. Upon information and belief, Plaintiff never intended to provide the marketing services that it agreed to perform for Defendant.

19. As a direct and proximate result of such representations and omissions, Defendant has suffered damages, including lost business opportunities and profits, in an amount to be determined by the trier of fact.

20. As a direct and proximate result of Plaintiffs illegitimate behavior and deceptive business practices, Defendant has incurred substantial administrative expense on discovery of these improper activities.

## PRAYER FOR RELIEF

**WHEREFORE** having fully answered Plaintiff's Complaint, Defendant hereby requests that:

1. Plaintiff's Complaint be dismissed in its entirety, with prejudice;

2. Any and all of Plaintiff's claims for damages of any sort or nature be denied;

3. Defendant be awarded compensatory damages on its Counterclaims against Plaintiff and that all profits be disgorged;

4. Defendant be awarded punitive and exemplary damages on its Counterclaims against Plaintiff;

5. Defendant be awarded costs, disbursements and reasonable attorneys' fees; and

6. Such other and further relief be provided to Defendant as this Court may deem just and proper.

Dated: New York, New York
January 30, 2009

By:  DLA PIPER LLP (US)

  s/ Eric M. Falkenberry
Eric M. Falkenberry, Esq.
Neha Dewan, Esq.
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 335-4500
Fax: (212) 335-4501
Eric.falkenberry@dlapiper.com
Neha.dewan@dlapiper.com

and

Mark A. Nadeau, Esq.
2415 East Camelback Road
Suite 700
Phoenix, AZ 85016
Tel. (480) 606-5110
Fax. (480) 606-5510
Mark.nadeau@dlapiper.com

Attorneys for Defendant Echostar Satellite d/b/a Dish Network